IN THE UNITED STATES DISCRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| MARDRAVIUS WILEY;<br>on behalf of himself and on behalf<br>of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA CHICKEN GRILL, INC.<br>a Florida corporation,<br>TNO, INC., a Florida corporation,<br>TAREK HABIB, individually, and<br>SHERIF HABIB, individually,<br><br>Defendants.<br>_____/ | Civil Action No.: 2018-cv- _____ _____<br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Plaintiff, MARDRAVIUS WILEY, on behalf of himself and all others similarly situated,, hereby sue the Defendants, CALIFORNIA CHICKEN GRILL, INC. ("CCG"), TNO, INC. ("TNO"), TAREK HABIB, individually, SHERIF HABIB, individually, and, (collectively "Defendants") and for their Complaint allege as follows:

## **NATURE OF THE ACTION**

1. Plaintiff brings this action against the Defendants to obtain complete relief under the federal Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §201, *et. seq.* (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, costs, attorneys' fees and for all injunctive or declaratory relief provided by law. Plaintiffs demand a jury trial on all issues so triable as a matter of right.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331 (federal question) for all claims brought under the FLSA 29 U.S.C. 207(a)(1), 216(b).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b) because at all material times Plaintiffs were employed by the Defendants' restaurant located at 1904 West Pensacola Street, Tallahassee, Florida and the FLSA violations occurred in Tallahassee, Florida.

## PARTIES AND FACTUAL BACKGROUND

4. The Plaintiff, MARDRAVIUS WILEY, is a resident of Leon County Florida and was an hourly non-exempt "employee" of the Defendants, as defined by the FLSA 29 U.S.C. 201 *et seq* and 29 U.S.C. § 203(e), from 2011 through April 18, 2018.

5.

6. The Defendant, CALIFORNIA CHICKEN GRILL, INC., ("CCG") is a Florida corporation having its principal place of business located at 3227 SW 42nd Place, Gainesville, Florida and doing business at 1904 West Pensacola Street, Tallahassee, Florida in Leon County and at all material times was Plaintiffs "employer" as defined by 29 U.S.C. § 203(d).

7. The Defendant, TNO, INC. ("TNO"), is a Florida corporation having its principal place of business located at 3227 SW 42nd Place, Gainesville, Florida and doing business at 1904 West Pensacola Street, Tallahassee, Florida in Leon County and at all material times was Plaintiffs "employer" as defined by 29 U.S.C. § 203(d).

8. The Defendant, TNO, is a Florida corporation owned by the Defendants Tarek Habib and Sherif Habib which, upon information and belief, is used as a holding company to process all payroll for the employees of CCG and to issue (or to direct a third party payroll company to issue) the employees, including Plaintiff, their bi-weekly paychecks.

9. The Defendant, TAREK HABIB, is the Vice President of both CCG and TNO and exercises regular control over the day to day operations including the hiring and firing of employees, their work schedules, the number of hours worked, their hourly pay, and the payroll for all CCG employees working at the Tallahassee location.

10. The Defendant, SHERIF HABIB, is the President and Chief Executive Officer of CCG and TNO and exercises regular control over the day to day operations including the hiring and firing of employees, their work schedules, the number of hours worked, their hourly pay, and the payroll for all CCG employees working at the Gainesville location.

11. The Defendants, Tarek Habib and Sherif Habib, through their companies CCG and TNO, own and operate two retail restaurants located at 3227 SW 42nd Place, Gainesville, Florida 32608 and 1904 West Pensacola Street, Tallahassee, Florida 32304 (the Defendants CCG, TNO, Tarek Habib and Sherif Habib are hereinafter referred to collectively as "Defendants").

12. The Defendants individually and/or collectively constitute both private "employer" as defined by 29 U.S.C. § 203(d) and an "Enterprise" as defined by 29 U.S.C. § 203(r) engaged in interstate commerce and generate annual gross revenues in excess of $500,000. Indeed, upon information and belief, the Defendants Tallahassee location alone generates more than $1,000,000 in annual gross sales revenue.

13. The Defendants employ two more employees who use items or products that have previously moved in interstate commerce, i..e. phones, cash registers, money, food and drinks, paper, cooking equipment and supplies, cleaning supplies, tables, chairs, computers.

14. Defendants are governed by and subject to the minimum wage and overtime requirements of FLSA, 29 U.S.C. §§ 204 and 207.

## FACTS SUPPORTING OVERTIME VIOLATIONS

15. For the last three years and more each of the Plaintiff and those similarly situated to him, were employed by the Defendants as full time non-exempt employees at the Tallahassee restaurant and were paid on an hourly basis.

16. Throughout their employment with the Defendants, Plaintiff and those similarly situated to him were entitled to be paid overtime compensation (time and one-half) for all hours worked in excess of 40 hours per workweek.

17. During the last three years, Plaintiff and those similarly situated to him regularly worked in excess of forty hours per workweek and were routinely scheduled to work more than 40 hours per week.

18. During the last three years, Plaintiff and those similarly situated to him were not paid the overtime premium required by the FLSA (time and one half) for all hours worked in excess of 40 each workweek.

19. During the last three years, Plaintiff and those similarly situated to him were subject to Defendants scheme to avoid paying its non-exempt employees overtime by unilaterally falsifying employee time records and by paying employees straight time (without the overtime premium), in cash for all hours worked in excess of forty each week.

20. Defendants employed this scheme to violate the mandates of the FLSA and to avoid paying its employees the time and one half premium required by law.

21. During the last three years Defendants failed to keep accurate time records for all hours worked by Plaintiff and those similarly situated and have altered or falsified its employee time records in order to avoid paying overtime and otherwise complying with FLSA.

22. Indeed upon information and belief Defendants have destroyed or attempted to delete or destroy all their payroll records in order to avoid liability under the FLSA.

23. At no time during Plaintiff's employment did the Defendants or any agent thereof ever inform the Plaintiff or any similarly situated hourly employee, in writing or otherwise, that they were not permitted to work more than 40 hours per week [without receiving overtime pay in accordance with federal law].

24. Defendants' actions in conspiring to avoid paying overtime to their employees, like Plaintiffs, constitute a knowing, intentional willful and deliberate violation of FLSA 29 U.SC. § 207.

25. As a result of Defendants' knowing, intentional and deliberate violation of FLSA § 207, Plaintiff and those similarly situated are entitled to overtime pay at the rate of one and one half times their regular hourly pay for all hours worked over 40 in all applicable workweeks for the past three years plus and equal amount as liquidated damages pursuant to the FLSA 29 U.S.C. § 216(b).

26. Plaintiff has retained the undersigned attorneys to represent their interests in this cause and are obligated to pay same a reasonable attorney's fee for these services.

27. Pursuant to 29 U.S.C. 216(b), Defendants are additionally liable for all of Plaintiff's reasonable attorneys fees and costs incurred in bringing and maintaining this action.

## FACTS SUPPORTING CLASS TREATMENT

28. Plaintiff brings Count I on behalf of themselves, and all other similarly situated individuals. The proposed FLSA collective class is defined as follows:

All hourly paid employees who worked for the Defendants in either Tallahassee or Gainesville Florida at any time in the three years prior to the filing of this complaint.

29. Plaintiff has consented in writing to be part of this action pursuant to 29 U.S.C. § 216(b).

30. Upon information and belief, the proposed FLSA collective class contains in excess of two hundred individuals and is so numerous that joinder of all members would be impractical, if not impossible. The identity of the proposed FLSA collective class members is readily ascertainable by review of the Defendants records.

31. Plaintiff was an hourly paid employee of Defendants.

32. Plaintiff worked more than forty (40) hours per week on a regular basis.

33. Plaintiff was a non-exempt employee who was entitled to overtime compensation under the FLSA.

34. Defendants employed greater than two hundred (200) hourly paid employees within the last three years.

35. These hourly paid employees also worked more than forty (40) hours per week on a regular basis.

36. These hourly paid employees were not paid time and one half compensation for their overtime hours worked in one or more workweeks.

37. These hourly paid employees make up the putative class members.

38. Upon information and belief, the FLSA collective class members, including current and former employees of Defendants, consists of hundreds of individuals, many of whom may have worked for Defendants for a short period of time and who may have been attending college at the time of their employment and thereafter returned home to another state.

39. As this case proceeds, and once notice is provided, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

40. As described above, during the applicable statutory period (three years), Plaintiff and similarly situated members of the proposed collective class regularly worked in excess of forty (40) hours in a workweek without receiving overtime compensation for all hours worked in excess of forty (40). Indeed, most of Defendants employees were required to work overtime or face termination.

41. Defendants willfully engaged in a pattern of violating the FLSA by: (i) knowingly failing to pay their hourly employees overtime compensation for all hours worked over forty each week; (ii) knowingly paying their employees only their regular hourly wage in cash for all hours worked in excess of forty each workweek; and (iii) falsifying the employee time cards and payroll records to reflect that they worked less than they actually did and/or that they did not work more than forty hours in any given workweek.

42. That accordingly, as soon as permissible, notice of this action should be sent to the FLSA collective class via first class mail and electronic mail where possible. There are numerous similarly situated current or former employees of Defendants who have suffered from Defendants practices and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. These similarly situated current and/or former employees are known to the Defendants and are readily identifiable through Defendants payroll records.

## COUNT I
## OVERTIME VIOLATIONS
[FLSA 29 U.S.C. 207(a)(1)]

Plaintiff repeats and realleges paragraphs 1 through 42 above as if set out hereafter in length and further states:

43.     As described above the Plaintiff and the putative class members were non-exempt employees who were paid an hourly wage for all hours worked and regularly worked more than 40 hours per week with Defendants express knowledge and consent.

44. Defendants suffered, permitted and encouraged Plaintiff and the putative class members to routinely work more than forty (40) hours per week without overtime compensation. Indeed many of the Plaintiff faced termination if they were unable to work more than 40 hours per week.

45. Rather than paying Plaintiff and the putative class members time and one half for all hours worked above forty (40) each week as required by law, at the end of each pay period the Defendants separately paid Plaintiffs their regular hourly rate in cash for all hours worked over forty (40) thereby depriving them of the overtime premium required by §207(a)(1).

46. Defendants have violated the FLSA, 29 U.S.C. §§ 201 and 207 by knowingly failing and refusing to pay Plaintiffs the overtime premium of time and one half for all hours worked by Plaintiff and the putative class members in excess of forty (40) during given workweeks over the past three plus years.

47.     Defendants failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the putative class members, and thus failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment in violation of the FLSA.

48.     Indeed, upon information and belief the Defendant has knowingly destroyed its payroll records after being placed on notice of this impending case.

49. Defendants violations of the FLSA were willful and in bad faith.

50. As a direct and proximate result of Defendants' failure and refusal to pay Plaintiff and the putative class members overtime at a rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40), Plaintiff and the class members have suffered damages.

51. Pursuant to FLSA, 29 U.S.C. 216, Plaintiff and the putative class members are entitled to recover from Defendants the unpaid overtime wage differential, liquidated damages in an equal amount to the unpaid overtime, statutorily allowed interest thereon, attorneys fees, and the costs of this action.

## COUNT II
## RETALIATION
(Mardravius Wiley)

Plaintiff repeats and realleges paragraphs 1 through 51 above as if set out hereafter in length and further states:

52. This action is for unlawful dismissal by Defendants against Plaintiff, MARDRAVIUS WILEY taken in retaliation for his objecting to and reporting Defendants' violation of the overtime requirements of FLSA in violation of 29 U.S.C. § 215.

53. That prior to being terminated from employment, on or about April 12, 2018 Plaintiff, MARDRAVIUS WILEY, filed a written complaint with the Defendants including CCG, Tarek Habib, and Sherif Habib, alleging violations of the overtime requirements of the FLSA 29 U.S.C. 201 et seq. and demanded reimbursement for all unpaid overtime earned and unpaid over the last three years of his employment with Defendant.

54. That immediately after receipt of Plaintiff's written complaint alleging overtime violations under the FLSA, on or about April 18, 2018 Defendant unlawfully terminated Plaintiff' in retaliation for said complaint.

55. Defendants' retaliatory dismissal against Plaintiff was knowing, willful and intentional and was taken without any legitimate business purpose or justified work-related reason.

56. As a direct and proximate result of Defendants' acts of retaliation as described above, Plaintiff has suffered emotional distress, mental pain and suffering, inconvenience, mental anguish, humiliation, indignation, anxiety, depression, loss of enjoyment of life, and other non-pecuniary losses.

57. That as a direct and proximate result of Defendants' acts of retaliation as described above Plaintiff has also suffered pecuniary / economic losses including lost back pay and front pay and interest thereon together with bonuses, health, retirement and other fringe benefits. These damages have occurred in the past, are permanent and continuing.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) enter judgment on Count I on behalf of the FLSA collective class of current and former employees of the Defendants, jointly and severally, awarding Plaintiffs all unpaid wages pursuant to FLSA, 29 U.S.C. 206(d), 207 and 216; liquidated damages as provided by 29 U.S.C. § 216 and/or prejudgment interest on all unpaid wages, taxable costs, and reasonable attorney's fees pursuant to 29 U.S.C. § 216, and all other legal and equitable remedies awardable under the FLSA; and

(c) that this Court grant Plaintiffs all allowable equitable relief against the Defendants including a declaratory judgment that the Defendant has

violated the FLSA and has done so willfully; order the Plaintiffs reinstated to their former positions and/or promoted with back pay as the case may be; enjoining Defendants from engaging in further violations of the FLSA and mandating Defendants' compliance with same; and award Plaintiff all other available equitable relief;

(c) enter final judgment in favor of Plaintiffs and against the Defendants;

(d) enter final judgment against Defendants, jointly and severally, and in favor of Plaintiff awarding Plaintiff all reasonable attorney's fees and costs incurred in bringing and maintaining this action;

(e) award all such other further relief which the Court deems just and proper under the circumstances.


[LEFT BLANK INTENTIONALLY]

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 11th day of January 2019.

    Respectfully submitted,

**THE LoCURTO LAW FIRM, P.A.**
241 East 6th Avenue
Tallahassee, FL  32303
Phone: (850) 566-1601
Fax:     (850) 254-7797
Email: locurtolaw@aol.com

By: /s/ C. Vincent LoCurto
    C. VINCENT LoCURTO, ESQ.
    Florida Bar No.: 41040

Carlos Leach, Esq.
FBN 0540021
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email:  CLeach@theleachfirm.com

*Attorneys for Plaintiffs*